IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONIA CORTEZ<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>And<br><br>ADELA VELASQUEZ<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>And<br><br>CLAUDIO SANCHEZ<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>*On Behalf of Themselves and*<br>*All Others Similarly situated*<br><br>　　　　PLAINTIFFS[1]<br><br>　　v.<br><br>ELITE CLEANING SERVICES, LLC<br>2722 Connecticut Avenue, NW<br>Suite 72<br>Washington, D.C. 20008<br><br>　　　SERVE:  Mehmet Ibis<br>　　　2722 Connecticut Avenue, NW<br>　　　Suite 72<br>　　　Washington, D.C. 20008<br><br>MEHMET IBIS<br>2722 Connecticut Avenue, NW<br>Suite 72<br>Washington, D.C. 20008<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] To avoid retaliation, Plaintiffs have used the address of their counsel.

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Sonia Cortez, Adela Velasquez, and Claudio Sanchez (together, "Plaintiffs") by and through their undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Collective Action Complaint against Defendants Elite Cleaning Services, LLC ("ECS") and Mehmet Ibis ("Ibis") (together, "Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") and; the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq*. ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the State of Maryland. By acting as the named Plaintiffs in this action, Plaintiffs hereby affirms their consent to participate as Plaintiffs in a Collective Action under the FLSA and DCMWA.

2. ECS is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. At all times relevant to this action, Defendants employed Plaintiffs to perform cleaning related job duties at residences of Defendants' clients in the District of Columbia, Maryland, and the Commonwealth of Virginia.

4. At all times during Plaintiffs' employment, Ibis held a substantial ownership and/or financial interest in ECS.

5. At all times relevant, Ibis was Plaintiffs' most senior manager and supervisor.

6. At all times relevant, Ibis was in charge of the day-to-day operations of ECS.

7. At all times relevant, Ibis participated substantially in setting and determining Plaintiffs' rate and method of pay.

8. During Plaintiffs' employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

9. At all times relevant, Defendants had gross revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10. At all times relevant, Plaintiffs were each individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

11. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12. Plaintiffs were employed by Defendants as house cleaners for the following approximate time periods:

Claudio Sanchez:     July 19, 2013 – June 24, 2014 (about 49 weeks);

Adela Velasquez:     September 30, 2013 – June 26, 2014 (about 39 weeks); and

3

Sonia Cortez:        April 4, 2014 – May 24, 2014 (about 8 weeks)

13. During Plaintiffs' respective periods of employ, Plaintiffs regularly and customarily worked about sixty-five (65) or more hours per week.

14. During Plaintiffs' employment, Defendants paid Plaintiffs a flat weekly compensation (in cash and by company check) that equaled at or about four hundred fifty dollars ($450.00) per week.

15. The Federal Fair Labor Standards Act ("FLSA") and D.C. Minimum Wage Act ("DCMWA") require employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

16. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25 (1945).

17. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the

applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

18. At no time during the period of Plaintiffs' employment did Plaintiffs and Defendants reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiffs' salary was intended to compensate Plaintiffs at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiffs' rate of pay for hours worked each week in excess of forty (40).

19. At no time during the period of Plaintiffs' employment did Defendants ever, in addition to Plaintiffs' flat salary, pay extra wages to Plaintiffs for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiffs' regular rate of pay.

20. Defendants paid Plaintiffs their flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiffs no wages at all for hours worked each week in excess of forty (40).

21. Defendant violated Federal and District of Columbia law because Defendants did not compensate Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked each week in excess of forty (40).

22. As a consequence, Defendants now owe Plaintiffs unpaid overtime compensation calculated in the approximate amounts:

    Claudio Sanchez:    $20,671.88 ($450.00 per week / 40 hours per week = $11.25 per hour) * 1.5 = $16.88 (owed per overtime hour worked) * 25 overtime hours worked per week = $421.88 (overtime wages owed per week) * 49 (weeks of employment) = $20,671.88);

    Adela Velasquez:    $16,453.12 ($450.00 per week / 40 hours per week = $11.25 per hour) * 1.5 = $16.88 (owed per overtime hour worked) * 25 overtime hours worked per week = $421.88 (overtime wages owed per week) * 39 (weeks of employment) = $16,453.12); and

    Sonia Cortez:    $3,375.00 ($450.00 per week / 40 hours per week = $11.25 per hour) * 1.5 = $16.88 (owed per overtime hour worked) * 25 overtime hours worked per week = $421.88 (overtime wages owed per week) * 8 (weeks of employment) = $3,375.00).

23. Defendants' unlawful failure to pay Plaintiffs overtime wages constitutes a violation of the FLSA and DCWMA.

24. At all times during Plaintiffs' employ, Defendants had actual knowledge of the FLSA and DCWMA overtime pay requirements and had actual knowledge that the rate and method by which Defendants paid Plaintiffs for overtime hours worked violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs believe that in the last three (3) years, more than twelve (12)

6

similarly situated persons are or have been employed by Defendants to perform cleaning related job duties for Defendants' clients in the District of Columbia, Maryland, and Virginia ("Class Members").

26. The duties, responsibilities, and activities of the Class Members were essentially the same as the duties, responsibilities, and activities of Plaintiffs.

27. The FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as Plaintiffs.

28. Defendants were and/or are the "employers" of the Class Members as that term is defined by the FLSA and DCMWA.

29. Plaintiffs and the Class Members were paid by Defendants in a manner identical or substantially similar to Plaintiffs.

30. Plaintiffs and the Class Members regularly worked hours in excess of forty (40) per week.

31. Plaintiffs and the Class Members were not paid overtime wages at the rate required by the FLSA and DCMWA.

32. Plaintiffs and the Class Members were not exempt from the overtime provisions of the FLSA or DCMWA.

33. Defendants were and are actually aware that Plaintiffs and the Class Members were and are not exempt from the overtime provisions of the FLSA and DCMWA and are actually aware that the rate and method by which Defendants compensated and continues to compensate Plaintiffs and the Class Members for overtime hours worked each week in excess of forty (40) violated and continues to violate the FLSA and DCMWA overtime provisions.

34. Plaintiffs are currently unaware of the identities of all the members of the Class.

35. Defendants' common and class wide violations of the FLSA and DCMWA were willful, repeated, intentional, and not in good faith.

36. Plaintiffs and the Class Members have been commonly damaged by Defendants' FLSA and DCMWA violations.

37. Defendants are liable to Plaintiffs and the Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## CAUSES OF ACTION
### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

38. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

39. By failing to pay Plaintiffs and the Class Members overtime at one-and-one-half times the required legal rate for hours worked each week in excess of forty (40), Defendants violated the FLSA's overtime provisions.

40. Defendants owe Plaintiffs and the Class Members unpaid overtime wages for all hours worked in excess of forty hours (40) per workweek.

41. At all times, Defendants knew, or showed reckless disregard for whether their pay practices violated the FLSA. As such, Defendants' FLSA violations were willful and Defendants owe wages for at least the past three (3) years.

42. Plaintiffs and the Class Members are also entitled to liquidated damages in

an amount equal to their unpaid wages because Defendants' failure to pay overtime wages as required by the FLSA was not the product of objective good faith and Defendants had no reason to believe their overtime pay practice conformed with the FLSA overtime pay requirement.

43. Plaintiffs and the Class Members are also entitled to recover their reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

44. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

45. By failing to pay Plaintiffs and the Class Members overtime at one-and-one-half times the required legal rate for hours worked each week in excess of forty (40), Defendants violated the DCMWA's overtime provisions.

46. Defendants owe Plaintiffs and the Class Members unpaid overtime wages for all hours worked in excess of forty hours (40) per workweek.

47. Plaintiffs and the Class Members are also entitled to liquidated damages in an amount equal to their unpaid wages because Defendants' failure to pay overtime

wages as required by the DCMWA was not the product of objective good faith and Defendants had no reason to believe their overtime pay practice conformed with the DCMWA overtime pay requirement.

48. Plaintiffs and the Class Members are also entitled to recover their reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count II for unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

49. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

50. Plaintiffs were "employees" and both Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

51. Under the DCWPA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages for work that Plaintiffs performed.

52. "Wages" pursuant to DCWPA (DC Code § 32–1301(3))[2], "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another

---

[2] The DCWPA definition of wages as set forth herein was clarified by the Fiscal Year 2014 Budget Support Act of 2013; Subtitle G entitled "Wage Theft Prevention."

10

person or entity; or (iii) Pursuant to District or federal law."[3]

53. Plaintiffs worked many hours in excess of forty for Defendants for which Defendants failed and refused to pay Plaintiffs all wages earned, guaranteed, and required for job duties performed at or before the end of Plaintiffs' employment with Defendants.

54. Defendants failed and refused to pay Plaintiffs' their earned wages for hours worked in their final pay checks.

55. Defendants owe Plaintiffs back wages equal to the difference between the rate Defendants paid (or failed to pay) Plaintiffs for hours worked and the guaranteed and required rates Plaintiffs' were guaranteed and required under the DCWPA.

56. Defendants' failure and refusal to pay Plaintiffs all wages promised, guaranteed, and required on time or at or before the end of Plaintiffs' employment with Defendants as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

---

[3] In a further clarification by Fiscal Year 2014 Budget Support Act of 2013; Subtitle G, DCWPA Section 32-1305(b) has been amended and clarified to explain, "[i]n enforcing the provisions of this act, the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law."

_____
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*